**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRATIMA K. BAKSHI,

    Plaintiff,

v.                                                      Case No. 2:07-CV-11214-DT

BANK OF MAHARASHTRA,

    Defendant.

                                                    /

**ORDER VACATING ORDER TO SHOW CAUSE AND
STRIKING DEFENDANT'S ANSWER**

On April 6, 2007, the court ordered *pro se* Plaintiff Pratima K. Bakshi to show cause why the complaint should not be dismissed for failure to adequately allege facts necessary to establish the existence of diversity jurisdiction. The court particularly focused upon the question of the alleged amount in controversy. Plaintiff responded on May 9, 2007 and addressed some of the court's concerns. The court is at this point satisfied that, as alleged and further explained in Plaintiff's response, an amount in controversy is sufficiently alleged to properly invoke the court's diversity jurisdiction. The court will therefore vacate its order to show case.[1]

Defendant Bank of Maharashtra filed a document the court construes as an attempt to answer the complaint on April 23, 2007.[2] Although it is not entirely clear, this

---

    [1]The court does not express any view as to the ultimate sustainability of Plaintiff's action or whether there are, or are not, fatal infirmities in the claim(s) as pled.

    [2]*See* "Reply to the Complaint on Behalf of the Defendant," docketed as an Answer [Dkt. # 4]. Although it seems obvious from this that the Defendant has received some or all of the relevant papers in this case, the court is dubious but expresses no firm view as to whether Defendant has been properly served (*see* Dkt. # 2 "Certificate of Service," in which Plaintiff avers that a copy of the Complaint and Summons was mailed

appears to have been accomplished without the assistance of counsel.[3]  If the Defendant is, in fact, proceeding without counsel, the answer it has presented is not properly before the court because a corporate party cannot properly act other than through counsel.  Although parties are *ordinarily* permitted to proceed either personally or by counsel, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (dictum) (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829 (1824)).  Thus, corporations cannot properly be "represented" in court by their owners, officers or anyone else who is not an attorney admitted to practice.[4]  *See* 28 U.S.C.§ 1654; *Doherty v. American Motors Corp.*, 728

---

by her husband via "US Global Express Mail" to what appears to be an address in India; *see also* Dkt. # 5, Return of Service of Summons, in which one Kirit Bakshi states among other things that he served the Summons "[b]y U.S. Global Express Mail in the envelop [sic] prepared and provided by the Clerk's office.").  The court certainly cannot be assured that service has been properly effected based only upon Plaintiff having obtained an envelope from this court's Clerk.  The Clerk does not provide legal advice to litigants, nor can acts undertaken (or envelopes provided) by the Clerk assure a litigant that her legal interests are preserved. In a similar vein, the court is dubious but expresses no firm view as to whether this Defendant has sufficient contacts with Michigan to be capable of being properly sued in this state (or, for that matter, anywhere in the United States).  Plaintiff should note particularly the likelihood that, in the event nothing else transpires in this case and the Summons expires, the court will order Plaintiff to show cause why the case should not be dismissed without prejudice based upon, among other possible reasons, a failure to prosecute.

[3]Defendant's document is signed by a person identified as a "Mrs. Jyoti Aga, Branch Manager" of Defendant bank, who signed as the "Deponent." The person before whom Deponent Aga signed is identified as "J. M. Puntar, Advocate & Notary." This format bears a resemblance to the way in which a verified complaint might be presented to the court, the complaint being in essence an affidavit of the truth of the facts stated therein, and signed not by the attorney preparing it but by the plaintiff. The court speculates that "J. M. Puntar," as an "Advocate," might be Defendant's attorney in India.

[4]Moreover, in order to practice law before the bench of the Eastern District of Michigan, an attorney must be admitted to the district.  *See* E.D. Mich. LR 83.20.

F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."); *United States v. 9.19 Acres of Land, More or Less, Situate in Marquette County, Michigan,* 416 F.2d 1244, 1245 (6th Cir. 1969) ("The United States District Court was clearly correct in ruling that a corporate president may not represent his corporation before a federal court."). Accordingly,

IT IS ORDERED that the April 6, 2007 "Order to Show Cause" [Dkt # 3] is VACATED.

IT IS FURTHER ORDERED that Defendant's April 23, 2007 Reply/Answer [Dkt. # 4] is STRICKEN from the record.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: May 16, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 16, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

---

"Practice" includes signing a paper. E.D. Mich. LR 83.20(a)(1). *Pro hac vice* admission is not recognized by this district. E.D. Mich. LR 83.20(c)(1). Finally, local counsel (i.e., an attorney admitted in Michigan) must be specified and appear unless the court permits otherwise. E.D. Mich. LR 83.20(f).