**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRATIMA K. BAKSHI,

    Plaintiff,

v.                                           Case No. 2:07-CV-11214-DT

BANK OF MAHARASHTRA,

    Defendant.

                                          /

**ORDER DENYING PLAINTIFF'S MAY 30, 2007 "REQUEST TO SET ASIDE . . ." AND
DENYING PLAINTIFF'S "MOTION TO ENTER DEFAULT JUDGMENT . . ."**

On May 30, 2007, Plaintiff Pratima Bakshi's filed a "Request to Set Aside Notice of Denial of Request for Clerk's Entry of Default and Request for Reconsideration of Request for Clerk's Entry of Default." Also pending before the court is Plaintiff's May 21, 2007 "Motion to Enter Default Judgment, Declaration and Brief in Support of Motion to Enter Default Judgment." The court will, for the foregoing reasons, deny the request and the motion.

First, because the second page of Plaintiff's request bears her signature "by consent," the court believes that someone other than Plaintiff, who is proceeding *pro se*, signed the document. Federal Rule of Civil Procedure 11 requires that either an attorney or Plaintiff herself sign all pleadings. "Every pleading, written motion, and other paper shall be signed by at least one attorney of record . . . or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). Unsigned papers "shall be stricken." *Id.* Because Plaintiff has no attorney of record and the document bears someone's signature other than hers, the court cannot grant Plaintiff's request.

On the merits, Plaintiff should not prevail and the court will not set aside the clerk's denial of her request for entry of default. The record on the docket of Defendant's activity and general responsiveness, in spite of the court's doubts about service of process and Defendant's initial difficulty finding appropriate counsel, belies Plaintiff's claims that she is entitled to default for Defendant's alleged failure to file a timely answer. As the clerk noted, Defendant in fact filed an initial answer on April 23, 2007. While the court subsequently struck the answer because Defendant, a corporate entity, failed to retain appropriate counsel, the effect of the court's order, fairly understood, is not to deprive Defendant of all ability to defend and thereby expose it to entry of default. Indeed, Defendant's new counsel filed a proper answer on June 1, 2007. Under the circumstances, the court does not view the situation as one in which Defendant should be defaulted for failure to file a timely answer. Further, entry of default would result in great prejudice to Defendant whereas denial of default would simply leave the parties as they are: in a posture in which the case may run its course. For the same reasons, the court will deny Plaintiff's "Motion to Enter Default Judgment." Accordingly,

IT IS ORDERED that Plaintiff's May 30, 2007 "Request to Set Aside . . ." [Dkt #14] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's May 21, 2007 "Motion to Enter Default Judgment . . ." [Dkt # 12] is DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: June 13, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 13, 2007, by electronic and/or ordinary mail.

                                              S/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522